(7 Misc. Rep. 163.)

McGLOIN v. JONES.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

JUDGMENT—EFFECT—MISREPRESENTATIONS IN SALE OF CHATTEL.
    In an action by the purchaser of a chattel against the seller to recover damages for false representations in making the sale, a judgment in favor of plaintiff which does not, by its terms, award the chattel to defendant, (the seller,) does not transfer to him the title to such chattel.

Appeal from fourth district court.
Action by William P. McGloin against George H. Jones to recover possession of a chattel. From a judgment in favor of plaintiff, rendered by a justice without a jury, defendant appeals. Reversed.
Argued before BISCHOFF and GIEGERICH, JJ.

Samuel Mullen, for appellant.
Thomas Codey, for respondent.

GIEGERICH, J. This action was brought to recover the possession of a sewing machine. The plaintiff claimed and obtained a judgment for the possession of the same, or, if such possession be not given, for $28, its assessed value, but upon what theory it is difficult to conceive. The oral evidence received upon the trial consisted solely of an examination of the plaintiff, and was to the effect that the defendant had in his possession a sewing machine belonging to such plaintiff, valued at $28, that return of the same had been demanded, and that the demand had been refused. It further ap-

peared that the chattel in question was the same machine with regard to which an action had been brought by this defendant against this plaintiff, and in which action $16 damages and.$4 costs had been recovered by the plaintiff therein, (this defendant.)    The plaintiff testified that he had paid such prior judgment, and the justice awarded judgment for him herein, as above noticed.    The only evidence received for the defendant was the judgment roll and bill of particulars in the former action, and no attempted contradiction of, or objection to, such evidence appears.    By this evidence it appears that the defendant had purchased from the plaintiff the machine in question, and had paid for the same the sum of $28; that he had found it not as represented, had offered to return it, the offer was refused, and he then brought his action for damages for the alleged false representations, which resulted in the judgment for $16, before referred to.    There is no evidence in support of the plaintiff's title to the chattel to dispose the title of the defendant, as shown by his evidence of the purchase of the same, and payment of the price therefor.    The judgment roll in the former action between the parties, received in evidence for the defendant, shows merely that damages were awarded this defendant for false representations, and no mention of any award of the chattel to the present plaintiff appears from that record.    That such a judgment transfers the title to the property by its own force is a proposition which cannot be seriously entertained.    The judgment should therefore be reversed, and a new trial ordered, with costs of the appeal to the appellant.